IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Kent E. Hovind, | ) Civil Action No.: 0:12-1594-SB-PJG |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| United States of America, | ) |
| | ) |
| Defendant. | ) |

## MOTION TO DISMISS

COMES NOW the United States of America, by and through the undersigned United States Attorney for the District of South Carolina, and files its motion to dismiss. This motion is pursuant to Federal Rule of Civil Procedure 12(b)(1) in that this court lacks subject matter jurisdiction. The motion is further explained in the following memorandum of law.

## MEMORANDUM IN SUPPORT OF MOTION

**I.     STATEMENT OF THE CASE**

The plaintiff, federal inmate Kent E. Hovind, Register Number 06452-017, is currently serving a 120-month term of incarceration imposed by the United States District Court for the Northern District of Florida. Mr. Hovind is currently confined at the Federal Correctional Institution (FCI) Berlin, located in Berlin, New Hampshire. Mr. Hovind has a projected release date from his federal sentence of August 11, 2015, via Good Conduct Time release.

Mr. Hovind is suing the United States of America. In a claim filed under 28 U.S.C. § 1346 (b)(1), the only proper party defendant is the United States of America. Thus, the United States of America is the proper defendant in this action.

The plaintiff has filed this complaint pursuant to the Federal Tort Claims Act (FTCA) in which he alleges employees of Federal Correctional Institution (FCI) Edgefield, South Carolina, were negligent by delaying the mailing of a box of his legal materials from FCI Edgefield to his new institution. Plaintiff claims the delay in mailing his box of legal material caused him to lose a colorable claim for relief on his appeal under 28 U.S.C. § 2255.

## II.   VENUE

The general venue provision applicable to civil actions brought against the United States is found in 28 U.S.C. § 1402. With specific reference to FTCA actions, this statute provides:

> Any civil action or a tort claim against the United States under subsection (b) of Section 1346 of this title may be prosecuted only in the judicial district where the Plaintiff resides or wherein the act or omission complained of occurred.

28 U.S.C. § 1402(b). Where "the act or omission complained of occurred" refers to the location where the negligent conduct took place; it does not include places that are only somewhat connected to negligent activity. Richards v. United States, 369 U.S. 1, 9-10 (1962). Because the alleged negligence occurred at FCI Edgefield, which is located in the District of South Carolina, venue is appropriate in this court.

## III.   ADMINISTRATIVE REMEDIES

The Forth Circuit has recognized the provisions of 28 U.S.C. § 2675(a) as creating a jurisdictional prerequisite to filing an action pursuant to the Federal Tort Claims Act. Kielwien v. United States, 540 F.2d 676 (4th Cir. 1976); Wilkinson v. United States, 677 F.2d 998 (4th Cir. 1982); Henderson v. United States, 785 F.2d 121 (4th Cir. 1986). The United States stipulates that

Mr. Hovind filed an administrative claim with the Bureau of Prisons, which was denied on January 26, 2012. Therefore, Mr. Hovind has met the exhaustion requirement.

**IV.     LEGAL ANALYSIS**

    **A.     Motion To Dismiss Standard**

The plaintiff bears the burden of establishing subject matter jurisdiction on a Rule 12(b)(1) motion challenging the factual basis for subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In determining whether jurisdiction exists, the court is to regard the allegations in the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id. When the government challenges subject matter jurisdiction under the FTCA, the plaintiff "bears the burden of persuasion and must establish an unequivocal waiver of immunity with respect to his claim." Lumpkins v. United States, 215 F. Supp. 2d 640, 642 (D. Md. 2002); Mohr v. United States, 2009 WL 5216889, *1 (D.S.C. Dec. 29, 2009).

    **B.     The Court Lacks Subject Matter Jurisdiction To Entertain This Action**

Mr. Hovind has brought this lawsuit pursuant to the Federal Tort Claims Act (FTCA) 28 U.S.C. §§ 1346(b), 2671 et seq. Section § 1346(b)(1) provides exclusive jurisdiction to hear actions against the United States for money damages for injury to or loss of property, or personal injury or death caused by a negligent wrongful act or omission of any federal employee while acting within the scope of his office or employment. Mr. Hovind alleges government employees negligently handled his personal property, which caused him to lose his criminal appeal resulting in him having to continue being incarcerated.

3

The United States is immune from all suits against it absent an express waiver of its immunity. Welch v. United States, 409 F.3d 646, 650 (4th Cir. 2005). The FTCA creates a limited waiver of sovereign immunity by permitting a claimant to bring a civil suit seeking money damages against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment" to the extent that a private party would be liable for those acts under state law. 28 U.S.C. § 1346(b)(1). All waivers of sovereign immunity must be "strictly construed . . . in favor of the sovereign." Welch, 409 F.3d at 650 (internal citations omitted).

The FTCA's limited waiver of sovereign immunity, however, is subject to thirteen specific exemptions. See 28 U.S.C. §§ 2680(a)-(n). One of those exemptions is applicable in this case, namely, the "detention of goods" exception. See 28 U.S.C. § 2680(c). This exception retains, for the United States, its immunity from "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." Id. Claims of mishandled or lost personal property under the FTCA are barred by sovereign immunity. Ali v. Federal Bureau of Prisons, 552 U.S. 214, 228 (2008). According to Mr. Hovind, his legal materials were mishandled and delayed when he was transferred from one institution to another. The loss of goods during transfer qualifies as "detention" under § 2680(c). Ali, 552 U.S. at 218 n. 2; Kosak v. United States, 465 U.S. 848, 854 (1984) (any claim arising in respect of the detention of goods means any claim arising out of the detention of goods, and includes a claim resulting from negligent handling or storage of detained property).

Mr. Hovind attempts to cloak his claim by asserting that he is not claiming injury due to the loss or damage of any of his property by a law enforcement officer, as this is not a viable claim pursuant to the Supreme Court's decision in Ali. (ECF No. 1, page 3). However, this statement is wholly disingenuous. The Complaint clearly sets forth that the alleged act of a government employee mishandling and delaying the transfer of his legal material is the underlying basis and support for his entire claim. Mr. Hovind's entire claim falls within the detention of goods exception, and must be dismissed accordingly.

Furthermore, Mr. Hovind's claim that he lost his criminal appeal due to a government employee mishandling and delaying the mailing of his legal material is in essence an assertion of deprivation his federal constitutional right to access the courts. However, a constitutional tort cannot be remedied through the FTCA. F.D.I.C. v. Meyer, 510 U.S. 471, 477-78 (1994); Williams v. United States, 242 F.3d 169, 175 (4th Cir. 2001) ("because the 'law of the place' encompasses state law, but not federal law, a federal constitutional tort cannot provide the source of law under the FTCA."). Under the FTCA, the United States is liable for torts "in the same manner and to the same extent as a private individual under like circumstances." See 28 U.S.C. § 2674. "[U]nder like circumstances" means there must be a "private analogue" in state law to government's conduct. Washington v. Drug Enforcement Administration, 183 F.3d 868, 873 (8th Cir. 1999). Because there is no "private analogue" for the government's conduct at issue here, Mr. Hovind cannot maintain an FTCA claim for denial of access to the courts. The appropriate vehicle to address constitutional violations by federal officials is in a Bivens[1] action, not through the FTCA.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.

## V.     CONCLUSION

In view of the foregoing, Mr. Hovind's complaint must be dismissed in that this court lacks subject matter jurisdiction under the detention of goods exception to the FTCA and the FTCA is not the appropriate vehicle to address a <u>Bivens</u> constitutional claims.

                                                            Respectfully submitted,

                                                            WILLIAM N. NETTLES
                                                            UNITED STATES ATTORNEY

                             By:    *s/Barbara M. Bowens*
                                                            BARBARA M. BOWENS (#4004)
                                                           Assistant United States Attorney
                                                           1441 Main Street, Suite 500
                                                          Columbia, South Carolina 29201
November 26, 2012                          Telephone: (803) 929-3000

**CERTIFICATE OF SERVICE BY MAIL**

The undersigned Assistant United States Attorney hereby certifies that she has caused service of the attached **MOTION TO DISMISS** by a legal assistant in the Office of the United States Attorney for the District of South Carolina and is a person of such age and discretion as to be competent to serve papers.

That on November 26, 2012, my legal assistant served a copy of the foregoing document by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address, by depositing said envelope and contents in the United States Mail at U.S. Attorney's Office, 1441 Main Street, Suite 500, Columbia, SC 29201.

The undersigned also certifies that she has provided the Plaintiff with copies of any unpublished decisions which are cited herein.

Kent E. Hovind #06452-017
Federal Prison Camp
POB 5000
Florence, CO 81226-5000

*s/Barbara M. Bowens*
BARBARA M. BOWENS (#4004)
Assistant United States Attorney