IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC

2013 FEB 14  P 3: 30

| | |
|---|---|
| Kent E. Hovind, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 0:12-1594-SB |
| v. ) | |
| ) | **ORDER** |
| USA, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court upon the Plaintiff's pro se complaint filed pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80. On November 26, 2012, the Defendant filed a motion for summary judgment. On November 27, 2012, a United States Magistrate Judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), outlining the summary judgment procedure and informing the Plaintiff of the possible consequences if he failed to respond adequately to the Defendant's motion.

On December 13, 2012, the Plaintiff filed a motion to extend his time to respond to the Defendant's motion. The Magistrate Judge granted the Plaintiff's motion on December 20, 2012, and extended the Plaintiff's time to respond until January 14, 2013.

When the Plaintiff failed to respond, the Magistrate Judge issued a report and recommendation ("R&R") on January 23, 2012, recommending that the Court dismiss the action with prejudice for lack of prosecution. Attached to the R&R was a notice advising the Plaintiff of his right to file written objections to the R&R within fourteen days of receiving it. To date, the Plaintiff has not filed a response or any objections to the R&R.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the Magistrate Judge's findings and recommendations for clear error. Finding none, the Court agrees with the Magistrate Judge that it appears the Plaintiff no longer wishes to pursue this action. Accordingly, the Court hereby adopts the R&R (Entry 35) as the Order of the Court, and it is

**ORDERED** that this matter is dismissed with prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982). See also Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989).

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

February *13*, 2013
Charleston, South Carolina

2